RECEIVED
IN LAKE CHARLES, LA.

DEC 14 2016

TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| BURMAN DALTON BURNS, ET AL. | CIVIL ACTION NO. 2:16-CV-00852 |
| v. | JUDGE MINALDI |
| UNITED STATES ARMY CORPS OF ENGINEERS, ET AL. | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Before the court is a Motion to Dismiss for Lack of Subject Matter Jurisdiction (Rec. Doc. 6) filed by the defendant, the United States of America; a Response in Opposition (Rec. Doc. 8) filed by the plaintiffs, Dalton Burns and Janice West; and a Reply (Rec. Doc. 11) filed by the United States. In their response (Rec. Doc. 8), the plaintiffs also request that the court award them costs and fees under the Equal Access to Justice Act, 28 U.S.C. § 2412. For the following reasons, the court will **GRANT** the government's Motion to Dismiss and **DISMISS** the action without prejudice, and the court will **DENY** the plaintiffs' request for costs and fees.

## FACTS & PROCEDURAL HISTORY

In 2014, the United States Army Corps of Engineers notified that plaintiffs that it intended to acquire the plaintiffs' property through condemnation, and the parties began negotiating the sale price for the taking. The parties were unable to reach an agreement about the appropriate cost of the land. On April 22, 2016, the United States Army Corps of Engineers delivered the pleadings for the condemnation proceeding the Department of Justice (DOJ).[1] Under 40 U.S.C. § 3113, the DOJ has 30 days to begin condemnation proceedings after it

---

[1] *See* Letter from the Army (Rec. Doc. 8-9).

receives an application from an officer of the federal government. The DOJ did not do so, and the plaintiffs filed a writ of mandamus on June 16, 2016.[2] On September 26, 2016, before the court issued any order on the writ of mandamus, the DOJ filed condemnation proceedings against the plaintiffs.[3]

The government now moves to dismiss (Rec. Doc. 6) the writ of mandamus as moot because the relief requested, the commencement of condemnation proceedings, has already happened. The plaintiffs agree that the issue of commencing the condemnation proceedings is moot. However, they argue that by filing their writ of mandamus, they caused the government to commence the proceedings, and that therefore, they are prevailing parties and entitled to costs and fees under the Equal Access to Justice Act (EAJA).

## LAW & ANALYSIS

### I. Standard of Review

Under Rule 12(b)(1), "[a] case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Mississippi, Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996)). Under article III of the United States Constitution, federal courts can adjudicate only cases and controversies, meaning that this court does not have jurisdiction over moot issues. Here, the plaintiffs brought their action under 28 U.S.C. § 1361, which gives federal district courts "original jurisdiction [over] any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." To bring a claim under this act, the plaintiff must "satisfy the constitutional requirements of injury,

---

[2] Complaint (Rec. Doc. 1).
[3] *United States v. Vernon Parish*, 2:16-cv-01346 (W.D. La), Complaint in Condemnation (Rec. Doc. 1).

causation, and redressability." *Giddings v. Chandler*, 979 F.2d 1104, 1108 (5th Cir. 1992) (citation omitted). As part of these constitutional requirements, the controversy must be ripe and not moot. *See Dailey v. Vought Aircraft Co.*, 141 F.3d 224, 227 (5th Cir. 1998). "A controversy becomes moot where, as a result of intervening circumstances, there are no longer adverse parties with sufficient legal interests to maintain the litigation." *Resident Council of Allen Parkway Vill. v. U.S. Dep't of Hous. & Urban Dev.*, 980 F.2d 1043, 1048 (5th Cir. 1993) (citing *Mills v. Green*, 159 U.S. 651, 653 (1859)).

Here, the Department of Justice filed a complaint for the condemnation of the plaintiffs' land,[4] which was the requested relief in the plaintiffs' writ of mandamus.[5] Therefore, the controversy between the parties in the plaintiffs' suit is moot, and the court will dismiss the writ of mandamus.

## II. Costs and Fees Under the Equal Access to Justice Act

The plaintiffs contend that even though their writ is moot, they are entitled to costs and fees under the EAJA. Under this act, in a civil suit against the government, the *prevailing* non-governmental party is entitled to fees and other expenses, including attorney fees incurred in litigation, "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412. The plaintiffs argue that they are the prevailing party in their writ of mandamus, because as a result of filing the writ, the government filed a condemnation proceeding.

However, a prevailing party does not include "a party that has failed to secure a judgment on the merits or a court-ordered consent decree, but has nonetheless achieved the desired result because the lawsuit brought about a voluntary change in the defendant's conduct." *Buckhannon*

---

[4] *United States v. Vernon Parish*, 2:16-cv-01346 (W.D. La), Complaint in Condemnation (Rec. Doc. 1).
[5] Complaint (Rec. Doc. 1).

*Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 600 (2001). "A defendant's voluntary change in conduct, although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit, lacks the necessary judicial *imprimatur*." *Id.* at 605. Circuit courts that have addressed whether a party is a prevailing party under the EAJA have also required the prevailing party to achieve some form of favorable court-ordered relief.[6]

The plaintiffs are not prevailing parties in this litigation. The relief that they sought in their writ of mandamus was achieved when the DOJ voluntarily commenced the condemnation proceedings and not through any court order. Without any judicial *imprimatur*, the plaintiffs cannot be prevailing parties. *See Buckhannon,* 532 U.S. at 605. Therefore, the plaintiffs request for costs and fees will be denied.

## CONCLUSION

Because the government has commenced condemnation proceedings against the plaintiffs, the plaintiffs' writ of mandamus is moot and the government's Motion to Dismiss (Rec. Doc. 6) will be **GRANTED**. This case will be **DISMISSED WITHOUT PREJUDICE**. Furthermore, the plaintiffs are not entitled to costs and fees under the EAJA because with no

---

[6] See Al-Maleki v. Holder, 558 F.3d 1200, 1205 (10th Cir. 2009) (awarding the plaintiff costs under EAJA when the court took affirmative judicial action and the federal agency did not act voluntarily); Aronov v. Napolitano, 562 F.3d 84, 109 (1st Cir. 2009) (holding that the plaintiff was the prevailing party under the EAJA because the court entered a consent decree in the plaintiff's favor); Ma v. Chertoff, 547 F.3d 342, 344 (2d Cir. 2008) (holding that plaintiff was not a prevailing party when the government voluntarily gave him the relief he sought, and the district court dismissed the complaint as moot without entering an order on the plaintiff's behalf); Morillo-Cedron v. Dist. Dir. for the U.S. Citizenship & Immigration Servs., 452 F.3d 1254, 1258 (11th Cir. 2006) (holding that because "[t]he Government voluntarily processed their applications and conducted interviews before the district court entered any final judgment," the petitioners were not prevailing parties under the EAJA); Consol. Edison Co. of N.Y. v. Bodman, 445 F.3d 438, 447 (D.C. Cir. 2006) (holding that the plaintiffs were not prevailing parties under the EAJA when the agency's favorable decision was reached without any judicial order or pressure); Carbonell v. I.N.S., 429 F.3d 894, 901 (9th Cir. 2005) (holding that the petitioner was the prevailing party under the EAJA because the voluntary stipulation entered by the parties was subsequently incorporated into a court order); Maddalino v. Principi, 37 F. App'x 512, 513 (Fed. Cir. 2002) (holding that the plaintiff was not a prevailing party under the EAJA even though "his legal action had been the catalyst that prompted the government to take the action that he had sought through his mandamus petition").

favorable court order or judgment, they are not prevailing party. The plaintiffs' request for relief (Rec. Doc. 8) under the EAJA will be **DENIED.**

Lake Charles, Louisiana, this 5 day of Dec, 2016.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

5